UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRYAN CALHOUN                                              CIVIL ACTION

VERSUS

UNITED WHOLESALE                                           NO. 24-00896-BAJ-SDJ
MORTGAGE, ET AL.

RULING AND ORDER

Before the Court are Defendant United Wholesale Mortgage, LLC and Defendant Regions Bank's **Motion To Dismiss Pursuant To Rule 12(b)(6), Or Alternatively, Motion For A More Definite Statement, Pursuant To Rule 12(e). (Doc. 17; Doc. 19, collectively, "Defendants' Motions")**. Plaintiff Bryan Calhoun, who is proceeding *pro se*, filed timely Oppositions to Defendants' motions. (Doc. 22; Doc. 23). Defendant United Wholesale Mortgage, LLC ("UWM") filed a timely Reply in support of its Motion To Dismiss. (Doc. 28).[1]

The Magistrate Judge filed a **Report and Recommendation (Doc. 43, the "Report")** recommending that Defendants' Motions be granted and that Plaintiff's claims against UWM and Regions Bank be dismissed. Having carefully reviewed Defendants' Motions, the Report and the parties' operative filings, the Court

---

[1] Plaintiff also filed a response to UWM's Reply. (*See* Doc. 29). However, because it was filed without leave of Court in contravention of Local Civil Rule 7(f), the Court declined to consider Plaintiff's arguments. Plaintiff also recently filed a Notice of Clarification for the Record. (Doc. 42). It, too, was filed without leave of Court. However, taking into consideration both Plaintiff's *pro se* status and the fact that it was filed several months after the Parties' briefing on Defendants' Motions had concluded, the Court has reviewed and considered it in its Ruling.

**APPROVES** the Report and **ADOPTS** it as the Court's opinion in this matter.

## I. BACKGROUND

Plaintiff filed this suit on October 29, 2024 alleging (1) breach of contract pursuant to accord and satisfaction; (2) violation of the Uniform Commercial Code; (3) debt bondage; and (4) quiet title. (Doc. 1). In his Complaint, Plaintiff claims that he ultimately seeks "a declaration that [he] has no further obligation related to [his] indebtedness." (*Id.* at 8).[2]

It appears that on or about May 27, 2021, Plaintiff entered into a mortgage loan agreement with UWM in the amount of $456,000.00 for a residence located in Gonzales, Louisiana. (Doc. 1-1).[3] In March 2024, Plaintiff sent correspondence titled "Bona Fide Dispute Notice" to UWM asserting unfair or deceptive trade practices and failure to provide all notice and documents in violation of the Truth in Lending Act. (Doc. 1-3 at 2–6).[4] Subsequently, in May 2024, Plaintiff made multiple payments to UWM, each via money order. (Doc. 1 at 9; Docs. 1-4 through 1-15).[5] On July 1, 2024, the servicing of Plaintiff's mortgage was transferred to Regions Bank. (Doc. 1-19 at

---

[2] In addition to his Responses in Opposition to Defendants' Motions to Dismiss, Plaintiff filed a response to UWM's Reply without seeking leave of Court, in violation of Local Rule 7(f); due to Plaintiff's numerous opportunities to oppose Defendants' Motions and his failure to abide by the Local Rules of the Middle District of Louisiana, the Court will not consider Plaintiff's Reply.

[3] As the Magistrate Judge's Report notes, Plaintiff's *pro se* Complaint provides little to no factual background for the Court to consider, making it difficult to ascertain the facts of this case. (*See* Doc. 1; Doc. 43).

[4] The Report notes that Plaintiff did not bring claims pursuant to the Truth in Lending Act in his Complaint. (Doc. 1)

[5] The total amount sent from Plaintiff to UWM totals only $3,996.00. (See Docs. 1-4, 1-7 1-10, 1-13).

2

2). Plaintiff alleges that on July 8, 2024, his loan balance with UWM reflected a zero balance, and that his credit report reflected the loan as paid off. (Doc. 1 at ¶13; Doc. 1-16).

Plaintiff timely filed Objections to the Report, arguing that the Report (1) mischaracterizes his claims and overlooks factual evidence; (2) misapplies legal standards under the Uniform Commercial Code Section 3-311; and (3) unjustly denies enforcement of a valid accord and satisfaction. (Doc. 44 at 1). [6] Defendants filed a timely Response to Plaintiff's Objections. (Doc. 49).

## II. DISCUSSION

Throughout his Objection, Plaintiff attempts to rehash claims related to his underlying Complaint. (*See* Doc. 1; Doc. 44). The Court will not address those claims here, as the Report has already carefully considered Plaintiff's claims. (*See* Doc. 43). Instead, the Court will only address newly raised objections.

### a. The Report did not err in its finding that Plaintiff failed to state a claim on his breach of contract claim through accord and satisfaction.

Plaintiff argues that the Report erroneously concludes that the money order payments made by Plaintiff to UWM did not discharge him of his $456,000.00 mortgage. (Doc. 44 at 2). Plaintiff argues that the inclusion of the language "[b]y acknowledgement and endorsement of this draft the payee acknowledges full and final settlement of all sums owed to the payee by the payor on acct #0161098686."

---

[6] The Court notes that the objections listed by Plaintiff on the first page of his Objection are inconsistent with those raised further in his Objection to the Report. The objections on the first page of Plaintiff's Objections not having been fully addressed, the Court will instead address the objections made by the Plaintiff in the body of his Objection.

3

(Doc. 1 at 17.) The Report fully considered this argument, and the Court will therefore not revisit it here. (*See* Doc. 43 at 6–9). In his Objection, Plaintiff argues that because the payments were accepted by his bank, Cenlar[7], that UWM accepted his partial payment as a full satisfaction of his debt. (Doc. 44 at 2).

The Court will not restate the Report's finding that clearly undermines Plaintiff's outlandish claim. Instead, the Court will reiterate that "[e]ssential to finding that a valid accord and satisfaction occurred is a showing that the creditor understood that the payment was tendered in full settlement of the dispute." *Complete Med. Sys., L.L.C. v. Health Net Fed. Servs., L.L.C.*, 2013-0367 (La.App. 1 Cir. 11/1/13), 136 So.3d 807, 810. Acceptance of Plaintiff's personal check by his bank does not qualify as a showing that UWM, a wholly separate financial institution, accepted his payments amounting to less than $4,000 as a settlement of the entire $456,000 loan. *Id.*

### b. The Report properly concluded that Plaintiff failed to assert an enforceable claim.

In his second objection, Plaintiff argues that he has properly asserted a second separate and enforceable claim through his accord and satisfaction theory. (Doc. 44 at 2). Plaintiff claims that a second contract was formed upon acceptance of the "settlement [and that] [t]his is a valid cause of action." (*Id.*).[8] Because the Court has already concluded that Plaintiff's objection as to his accord and

---

[7] Cenlar is not a party to this action.

[8] In support of his argument that a second contract exists, Plaintiff relies on his failing argument that he successfully established accord and satisfaction through his partial mail order payments.

4

satisfaction theory holds no jurisprudential support, there is no need to address his argument that an additional enforceable claim was created by it. The Court will therefore turn to Plaintiff's next objection.[9]

### c. Whether Plaintiff's Debt Bondage Claim was made under the Thirteenth Amendment or 22 U.S.C. Section 7202, such claim still fails.

Plaintiff argues that his debt bondage claim arises under 22 U.S.C. § 7102(11) [sic], not the Thirteenth Amendment as he claims the Report misconstrues. (Doc. 44 at 4). Plaintiff, once again, is mistaken. The Report accurately and charitably considered Plaintiff's debt bondage claim under both the Thirteenth Amendment *and* 22 U.S.C. 7102(7) (defining debt bondage, in part, as "the status or condition of a debtor arising from a pledge by the debtor of his or her personal services or those of a person under his control as a security for debt."). In his Objection, Plaintiff "does not dispute entering a mortgage but asserts exploitation after lawful discharge." (Doc. 44 at 4). Plaintiff makes a familiar argument that his claim was wrongly dismissed "as a misunderstanding of its legal foundation and factual presentation." (*Id*).

The Report, having already considered both theories of recovery as applied to Plaintiff's claims, rightfully concluded that despite his asserted misunderstanding, there is simply no theory under which he can recover as to his Debt Bondage Claim, regardless of the statute cited.

---

[9] Plaintiff again attempts, through an additional objection, to revisit his accord and satisfaction theory, claiming that his dispute letter was not unilateral but was instead legal notice. (Doc. 44 at 2). The Report already addressed this argument. (*See* Doc. 43 at 7–9). The Court will not revisit every possible angle of Plaintiff's accord and satisfaction claim, as he so requests. The Court instead finds that the Magistrate Judge accurately addressed each of the numerous grounds upon which Plaintiff's claims fail. (*See* Doc. 43).

5

### d. The Magistrate Judge's denial of Plaintiff's Motion for Leave to amend was not an abuse of discretion.

Plaintiff argues that dismissal with prejudice, without permitting amendment, is "contrary to Fed. R. Civ. P. 15(a)." (Doc. 44 at 5). Further, Plaintiff argues that "refusal to permit clarification—especially in a *pro se* case supported by documentation—is an abuse of discretion and not in the interest of justice." (*Id.*). Through his assertion, Plaintiff ignores the fact that the Magistrate Judge has worked at length to extrapolate a redressable claim from his Complaint. Plaintiff also ignores the fact that he was given multiple opportunities to present his case, first through his initial filing, and later through his Notice of Clarification, which the Court was under no obligation to consider, but nevertheless did so as a courtesy to Plaintiff. (*See* Doc. 42). The Report already explained that any motion to amend, when futile, is not required to be granted and is permitted at the discretion of the Court. *Hernandez v. W. Texas Treasures Estate Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023). (Doc. 43). Notably, as mentioned above, the Court *already* permitted Plaintiff to file his Notice of Clarification without leave of the Court in violation of Local Rule 7(f) and considered it in the Report. (Doc. 43 at 1). The Court will therefore deny any further requests to amend the Complaint.

### e. Judicial Efficiency would not be served by allowing this case to continue through its normal course.

Surprisingly, Plaintiff argues it would serve judicial efficiency to allow his case to continue in its normal course: "[he] also emphasizes that dismissal wastes judicial resources already invested [in] reviewing the factual record." (Doc. 44 at 5). While the

6

Court appreciates Plaintiff's consideration of its judicial resources, his concerns are misplaced. The Court would actually be required to expend *more* judicial resources if this case were permitted to continue on its current path. The Court has already exhausted substantial judicial resources in adjudicating this case.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant United Wholesale Mortgage, and Defendant Regions Bank's **Motions To Dismiss Pursuant to Rule 12(b)(6), Or, Alternatively, Motion For More Definite Statement Pursuant to Rule 12(e)** (Doc. 17; Doc. 19) be and are hereby **GRANTED**.

Judgment shall be issued separately.

Baton Rouge, Louisiana, this 27th day of August, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**